UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS TONY DUTRA,<br><br>            Plaintiff,<br><br>    v.<br><br>J.R. SIMPLOT COMPANY,<br><br>            Defendant. | No. 2:21-cv-01054-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant J.R. Simplot Company's ("Defendant") Motion to Dismiss. (ECF No. 9.) Plaintiff Dennis Tony Dutra ("Plaintiff") filed an opposition. (ECF No. 10.) Defendant filed a reply. (ECF No. 12.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

## I.     Factual and Procedural Background

On March 18, 2021, Plaintiff filed this putative class action against Defendant — his former employer — in San Joaquin County Superior Court. (ECF No. 1-1 at 2.) Defendant removed to this Court on June 14, 2021. (ECF No. 1.) On July 6, 2021, Plaintiff filed the First Amended Complaint ("FAC"), alleging state law claims for: (1) failure to pay minimum wages; (2) failure to pay wages, including overtime; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to timely pay wages during employment; (6) failure to pay timely wages at separation; (7) knowing and intentional failure to comply with itemized wage statement provisions; and (8) violation of California's unfair competition laws. (ECF No. 7.) Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on July 20, 2021. (ECF No. 9.)

## II.     Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

3

1  denying leave to amend when amendment would be futile). Although a district court should
2  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
3  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."
4  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
5  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant moves to dismiss all of Plaintiff's claims, except for Claim Two. (ECF No. 9-1 at 7.) The Court will address each claim in turn.

#### A. Claim One

Claim One alleges Defendant failed to pay Plaintiff minimum wages in violation of various sections of the California Labor Code ("Labor Code") and applicable wage orders. (ECF No. 7 at 13–15.) Defendant argues the Court should dismiss Claim One because Plaintiff fails to allege sufficient factual details regarding a given workweek when he was not paid minimum wages, as required by *Landers v. Quality Comm's, Inc.*, 771 F.3d 638 (9th Cir. 2014). (ECF No. 9-1 at 8–9.) Defendant also argues Claim One's reference to Labor Code § 1198 ("§ 1198") is improper as § 1198 does not apply to wages. (*Id.* at 9.)

In opposition, Plaintiff argues *Landers* only applies to Fair Labor Standards Act ("FLSA") claims and thus does not apply to the state law claims at issue in the instant case. (ECF No. 10 at 9.) Plaintiff further argues he has stated plausible claims for relief even if *Landers* applies. (*Id.* at 10.) As to Claim One specifically, Plaintiff contends he plainly alleges Defendant's course of conduct led to a violation every week he worked, as he was not free of employer control as required by law and was required to answer work-related communications throughout the day, including during off-duty meal and rest periods. (*Id.* at 11 (citing ECF No. 7 at ¶¶ 28–31).) Regarding Defendant's arguments about § 1198, Plaintiff argues California district courts have allowed § 1198 claims for unpaid minimum wages to proceed. (*Id.* at 12.)

In *Landers*, the Ninth Circuit held that in pleading a claim for failure to pay minimum wages, "the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek or was not paid minimum wages." 771

4

F.3d at 646.  Courts in this district have consistently applied *Landers* to non-FLSA claims.  *See Guerrero v. Halliburton Energy Servs., Inc.*, 2018 WL 6494296, at *6 (E.D. Cal. 2016) (collecting cases applying *Landers* standard to meal and rest period claims under the California Labor Code); *Billington v. United Nat. Foods, Inc.*, No. 2:18-CV-02082-TLN-EFB, 2020 WL 5763824, at *3 (E.D. Cal. Sept. 28, 2020) (applying *Landers* to state law wage and hour claims).

In arguing he has alleged sufficient facts to state a failure to pay minimum wages claim, Plaintiff cites the following allegations:

1. At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock, including without limitation for time spent during purportedly provided meal breaks (ECF No. 7 at ¶ 68);

2. Plaintiff and Class Members were required to remain on call during meal and rest breaks and were required to carry work cell phones or other communications devices while on purported breaks.  This was a requirement on each shift that Plaintiff worked for Defendant (*id.* at ¶ 28);

3. Multiple of Defendant's personnel, including dispatch personnel, informed Plaintiff those work-related communications would occur throughout the workday and that it was necessary for Plaintiff and Class Members to keep their work cell phones on and accessible at all times of the workday (including without limitation during meal and rest periods), due to the likeliness of work-related communications occurring while they were in the field (*id.* at ¶ 29);

4. Plaintiff and, upon information and belief, Class Members answered work-related communications throughout their workday, including during meal and rest periods (*id.* at ¶ 30); and

5. Plaintiff and the Class Members were not free from employer control during purported meal and rest periods as required by law (*id.* at ¶ 31).

District courts have found similar allegations to be insufficient.  For example, in *Wright*, a court found the plaintiffs' allegations that the defendants required them to remain on duty "during

5

rest breaks and while clocked out for meal periods" based on the defendants' "policy requiring employees to have communication devices on them at all times" to be insufficient. *Wright v. Frontier Mgmt. LLC*, No. 2:19-cv-01767-JAM-CKD, 2021 WL 2210739, at *3 (E.D. Cal. June 1, 2021); *see also Sherman v. Schneider Nat'l Carriers, Inc.*, No. CV 18-08609-AB (JCX), 2019 WL 3220585, at *3 (C.D. Cal. Mar. 6, 2019) ("Without an allegation that Plaintiff conducted himself in accordance with [Defendant's on-call] policy and therefore worked during his meal breaks without pay, Plaintiff has not plausibly alleged a violation, nor can it be plausibly inferred that there is such a workweek when this happened."); *Barajas v. Blue Diamond Growers Inc.*, No. 1:20-CV-0679 JLT SKO, 2022 WL 1103841, at *12 (E.D. Cal. Apr. 13, 2022) (concluding that the plaintiffs' allegations as to their failure to pay minimum wages claim — including that they were not provided proper meal periods because they needed to wear radios in the "on" position — were insufficient under *Landers*). Although Plaintiff alleges that he and other class members answered work-related communications throughout their workday, including during meal and rest periods, he fails to point to a specific instance where this took place. These overly general allegations are insufficient to support a conclusion that Plaintiff or class members were paid less than minimum wage in violation of California law.

Accordingly, the Court GRANTS Defendant's motion to dismiss Claim One with leave to amend.[1]

### B. Claims Three and Four

Claims Three and Four allege Defendant failed to provide meal periods and rest periods, respectively, in violation of various sections of the Labor Code and applicable wage orders. (ECF No. 7 at 17, 19.) Defendant argues the Court should dismiss these claims because Plaintiff fails to specify at least a given week in which an overtime or meal/rest break violation occurred, as required by *Landers*. (ECF No. 9-1 at 9–10.)

---

[1] Because the Court dismisses Claim One, the Court need not and does not rule on Defendant's alternative argument regarding the propriety of bringing Claim One under § 1198. However, the Court notes that district courts routinely allow such claims to proceed. *See, e.g.*, *Barajas v. Tharaldson Hosp. Staffing, LLC*, No. 5:19-CV-01275-AB (KKX), 2019 WL 8013414, at *6 (C.D. Cal. Oct. 22, 2019) (denying dismissal of unpaid minimum wages claim brought pursuant to various Labor Code sections, including § 1198).

In arguing he adequately states his meal and rest period claims, Plaintiff cites the same allegations discussed regarding Defendant's on-call policy, as well as the following allegations:

1. Plaintiff and Class Members did not execute a valid on duty meal period agreement. They did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties. (ECF No. 7 at ¶ 89);

2. Plaintiff and Class Members earned, among other things, non-discretionary incentives or bonuses. Plaintiff was paid a $988.83 incentive or bonus on December 12, 2019. However, Defendant did not recalculate the regular rate for the period during which the incentive or bonus was earned (*id.* at ¶ 36);

3. Plaintiff was paid a $2,050.00 incentive or bonus on December 14, 2017. However, Defendant did not recalculate the regular rate for the period during which the incentive or bonus was earned (*id.* at ¶ 37);

4. Plaintiff was paid a $1,157.81 incentive or bonus on December 13, 2018. However, Defendant did not recalculate the regular rate for the period during which the incentive or bonus was earned (*id.* at ¶ 38); and

5. Defendant also failed to pay meal and rest period premiums, and sick pay at the regular rate, because Defendant failed to include all forms of remuneration (such as the above-mentioned incentive or bonus) in calculation of the regular rate. By way of example, Defendant paid a meal period premium to Plaintiff during the pay period of December 3, 2018 through December 16, 2018 but did not pay such premium at the properly calculated regular rate (*id.* at ¶¶ 40–41).

These allegations are insufficient. "The requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods." *Guerrero*, 2016 WL 6494296, at *6. Here, as discussed above, Plaintiff does not allege "at least one meal or rest break where [they] worked through the break and [were] not paid for that time," nor do they "allege a given instance where Defendant[s] failed to provide [them] a meal or rest break in compliance with state law." *Id.* (citation omitted).

7

1  Therefore, the Court GRANTS Defendant's motion to dismiss Claims Three and Four
2  with leave to amend.

### C. Claim Five

Claim Five alleges Defendant failed to timely pay wages due in violation of Labor Code § 204 ("§ 204"). (ECF No. 7 at 20.) Defendant argues the Court should dismiss Claim Five because it is premised solely on Defendant's alleged failure to pay all wages earned. (ECF No. 9-1 at 11.) Defendant argues derivative claims based on unpaid wages are improper because § 204 only regulates the timing of wage payments — not the wage amount. (*Id.*)

In opposition, Plaintiff argues Defendant's systematic failure to pay Plaintiff's minimum wages, overtime, and meal and rest premiums on time constitutes a violation of § 204. (ECF No. 10 at 14.) Plaintiff does not cite any case law to support his contention that these allegations are sufficient to state a § 204 claim, nor does he rebut Defendant's case law suggesting they are not.

Section 204 provides, in relevant part, that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204. Defendant cites district court decisions indicating that § 204 requires only "payment of wages in a timely manner; it does not provide a right to wages." (ECF No. 9-1 at 11 (citing *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), *aff'd* 546 Fed. App'x 613 (9th Cir. Sept. 5, 2013))).). Some district courts have therefore dismissed § 204 claims that are derivative of unpaid wage claims. *See, e.g.*, *Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR, 2020 WL 3545094, at *10 (N.D. Cal. June 30, 2020) ("[A] violation of [§] 204 cannot be premised solely on the claim that an employer underpaid wages."); *Soratorio v. Tesoro Ref. & Mktg. Co., LLC*, No. CV-171554-MWFRAOX, 2017 WL 1520416, at *7 (C.D. Cal. Apr. 26, 2017) ("Because Plaintiff's allegations concern only the nonpayment of wages, and not whether payments occurred, as required, between certain days of the month, the claim must be dismissed.").

Absent any meaningful argument or contrary authority from Plaintiff, the Court GRANTS Defendant's motion to dismiss Claim Five with leave to amend.

///

8

D.     Claim Six

Claim Six alleges Defendant failed to timely pay wages at separation or termination in violation of Labor Code § 203.  (ECF No. 7 at 22.)  Defendant argues the Court should dismiss Claim Six because Plaintiff fails to plead specific factual allegations to suggest Defendant willfully refused to pay final wages in a timely manner.  (ECF No. 9-1 at 11.)  Defendant also contends, in a footnote, that Claim Six is barred to the extent Plaintiff seeks to recover derivative penalties for unpaid meal and rest premiums.[2]  (*Id.* at 12 n.1.)

In opposition, Plaintiff cites the factual allegations already addressed as well as paragraph 109 of the FAC, which states "Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and the Class Members who have separated from employment their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ."  (ECF No. 7 at ¶ 109.)

Under Labor Code § 203, if an employer willfully fails to pay wages due within 72 hours after the termination of employment, the employer is liable for waiting time penalties.  Cal. Lab. Code § 203(a).  Plaintiff's conclusory allegation essentially states the elements of the cause of action and adds no factual detail.  This is insufficient to state a claim.  *See Guerrero*, 2016 WL 6494296, at *8 ("Plaintiff has not alleged when his employment with Defendant ended, nor has he alleged exactly what wages were earned and unpaid."); *Lyter v. Cambridge Sierra Holdings, LLC*, No. CV173435MWFAGRX, 2017 WL 8186044, at *6 (C.D. Cal. July 25, 2017) ("Plaintiff does not even allege the date she was terminated or the date she received her final paycheck, let alone any specific facts giving rise to an inference that [the employer] systematically failed to pay class members' wages on separation.").

Therefore, the Court GRANTS Defendant's motion to dismiss Claim Six with leave to amend.

---

[2]     To support this contention, Defendant cites a California appellate court decision that has since been reversed in part by the California Supreme Court: *Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal. App. 5th 444 (2019), *as modified on denial of reh'g* (Oct. 10, 2019), *aff'd in part, rev'd in part and remanded*, 13 Cal. 5th 93 (2022).  Because it is not material to the Court's ruling, the Court need not and does not address Defendant's argument as to *Naranjo* herein.

E. Claim Seven

Claim Seven alleges Defendant failed to comply with wage statement provisions in violation of Labor Code § 226(a). (ECF No. 7 at 23.) Defendant argues the Court should dismiss Claim Seven because it would result in improper double recovery as the claim is completely derivative of Plaintiff's wage and hour claims. (ECF No. 9-1 at 13.) Defendant also argues Plaintiff has not alleged the requisite injury because there are no allegations that the wage statements Plaintiff received did not accurately report the wages actually paid to him. (*Id.* at 14–15.) In opposition, Plaintiff argues his derivative claim for inaccurate wage statements is valid because he has alleged injuries specific to the inaccurate wage statement. (ECF No. 10 at 16.)

Defendant relies primarily on *Maldonado v. Epilson Plastics, Inc.*, 22 Cal. App. 5th 1308 (2018), and *Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385 (2016). (*Id.* at 12–16.) However, the California Supreme Court's recent decision in *Naranjo* rejected similar arguments regarding *Maldonado* and *Soto*. *See Naranjo*, 13 Cal. 5th at 119–20 (stating that *Maldonado* recognized "'[w]age statements should include the hours worked at each rate and the wages earned' — not just wages actually paid" and stating that "*Soto* did not purport to hold wage statements need not reflect amounts that are owed and due during a pay period"). The *Naranjo* court held "an employer's obligation under Labor Code [§] 226 to report wages earned includes an obligation to report premium pay for missed breaks." *Id.* at 120–121. The *Naranjo* court further explained, "This means that, provided the conditions specified in the statute are otherwise met, failure to report premium pay for missed breaks can support monetary liability under [§] 226 for failure to supply an accurate itemized statement reflecting an employee's gross wages earned, net wages earned, and credited hours worked." *Id.* at 121. The court stated, "Failure to do so deprives the employee of information needed to evaluate whether the payment is correct, and in so doing results in injury under the terms of the statute." *Id.* at 120.

While the parties have not had the opportunity to brief *Naranjo*, it appears based on the Court's initial review that *Naranjo* forecloses or at least critically limits Defendant's arguments. However, because the Court has dismissed Plaintiff's wage and hour claims upon which the wage statement claim is premised, the Court also dismisses Plaintiff's wage statement claim.

1   Thus, the Court GRANTS Defendant's motion to dismiss Claim Seven with leave to
2   amend.

### F.   Claim Eight

Claim Eight alleges Defendant violated California's Unfair Competition Law ("UCL") based on the Labor Code violations. (ECF No. 7 at 25.) Defendant argues the Court should dismiss Claim Eight because Plaintiff does not sufficiently allege Plaintiff lacks an adequate remedy at law. (ECF No. 9-1 at 17.) In opposition, Plaintiff argues there are inadequate remedies due to the difference in the statute of limitations between Labor Code and UCL claims. (ECF No. 10 at 18.) Plaintiff also argues he is allowed to plead his UCL claim in the alternative. (*Id.*)

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Restitution and injunctive relief, the only potential remedies under the UCL, are equitable in nature and thus only available if a plaintiff lacks an adequate remedy at law." *Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*, No. 1:21-CV-01247-JLT-BAK (BAM), 2022 WL 1665220, at *7 (E.D. Cal. May 25, 2022); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that a plaintiff must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL).

In the FAC, Plaintiff seeks the following relief for his UCL claim: (1) restitution to Plaintiff and Class Members for the past failure to pay minimum wages, overtime wages, sick wages, and straight time wages over the last four years; (2) restitution and/or disgorgement of sums to Plaintiff and Class Members for the past failure to pay premium wages for meal and/or rest periods that were not provided over the last four years; (3) prejudgment interest on unpaid wages; (4) attorney's fees pursuant to Labor Code § 1194; and (5) costs pursuant to Labor Code § 1194.[3] (ECF No. 7 at 29–30.) Plaintiff also seeks money damages for the separate wage and hour claims upon which the UCL claim is premised. (*Id.* at 28–29.) Other than Plaintiff's conclusory allegation that he and other Class Members "lack an adequate remedy at law" (*id.* at ¶

---

[3] Elsewhere in the FAC, Plaintiff mentions that he seeks injunctive relief, but he does not list that remedy specifically within his requested relief for the UCL claim, nor does he develop the argument further in his opposition. (ECF No. 7 at ¶¶ 126, 130.)

11

1  127), there are no factual allegations in the FAC suggesting that the monetary relief Plaintiff
2  seeks for his UCL claim is any different than the monetary relief Plaintiff seeks for his wage and
3  hour claims.[4]  Plaintiff argues in opposition that because the UCL has a longer statute of
4  limitation period than the wage and hour claims, the UCL provides remedies that are otherwise
5  unavailable.  (ECF No. 10 at 19.)  In reply, Defendant cites several cases that have rejected
6  similar arguments.  (ECF No. 12 at 15 (citing *Alvarado v. Wal-mart Assocs., Inc.*, No. CV 20-
7  1926 DSF (JCX), 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7, 2020); *Taylor v. Sam's W., Inc.*,
8  No. CV 20-5380 DSF (JCX), 2020 WL 12947973, at *2 (C.D. Cal. Dec. 4, 2020).)  Ultimately,
9  however, the Court declines to consider arguments that are not based on allegations in the FAC.
10 *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining
11 the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a
12 plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to
13 dismiss.").  Based on the existing allegations, it appears Plaintiff seeks the same sum in equitable
14 restitution for the UCL as she requests in damages for the Labor Code violations, and she "fails to
15 explain how the same amount of money for the exact same harm is inadequate or incomplete."
16 *Sonner*, 971 F.3d at 844.

17  Accordingly, the Court GRANTS Defendant's motion to dismiss Claim Eight with leave
18 to amend.

19  **IV.   CONCLUSION**

20  For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss with leave
21 to amend.  (ECF No. 9.)  Plaintiff may file an amended complaint not later than thirty (30) days
22 from the electronic filing date of this Order.  If Plaintiff opts not to file an amended complaint,
23 the case will proceed on the sole remaining claim in the FAC.  Defendant shall file a responsive

---

[4] Plaintiff also alleges as an example that he is unable to state a private right of action for failure to pay sick leave at a regular rate under Labor Code § 246.  (ECF No. 7 at ¶ 128.)  Defendant argues Plaintiff has an adequate remedy for such claims under Labor Code § 248.5.  (ECF No. 9-1 at 17.)  Plaintiff does not respond to Defendant's argument and only mentions this allegation in a footnote without any meaningful discussion.  (ECF No. 10 at 18 n.1.)  Absent argument or case law from Plaintiff on this issue, the Court is not persuaded this allegation is sufficient to withstand Defendant's motion to dismiss.

pleading not later than twenty-one (21) days from the filing of the amended complaint, or if Plaintiff does not file an amended complaint, not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

**DATED: January 4, 2023**

Troy L. Nunley
United States District Judge